

**U.S. Department of Justice**

United States Attorney
Western District of Tennessee

---

*800 Federal Office Building*   *Telephone (901)544-4231*
*Memphis, Tennessee 38103*   *Fax (901)544-4230*

July 25, 2025

Ms. Kelly L. Stephens, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

      Re:    *United States v. Jaquan Bridges, No. 24-5874*

Dear Ms. Hunt:

      The government submits this letter pursuant to Fed. R. App. P. 28(j).

      On June 30, 2025, a panel of this Court issued an unpublished decision that affects this case. In *United States v. Greely*, No. 23-1978/2042/2050, 2025 WL 1797223, *3-4 (6th Cir. June 30, 2025), a panel of this Court considered whether the prohibition against possession of machineguns under 18 U.S.C. § 922(o) violates the Second Amendment.

      The *Greely* Court held that under this Court's binding precedent in *Hamblen v. United States*, 591 F.3d 471, 473-74 (6th Cir. 2009), Greely's § 922(o) challenge "has been directly foreclosed by the Supreme Court," which held in *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008), that the Second Amendment "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." 2025 WL 1797223, at *4. Greely argued that *Hamblen* is inapplicable because it was decided before the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). 2025 WL 1797223, at *3. However, the *Greely* Court found that argument unavailing because *Hamblen*, a published case, remains binding on this Court unless an en banc panel or the Supreme Court overturns it. *Id.* Neither has occurred; thus, *Hamblen* remains binding. Further, nothing in *Bruen* requires departure from *Hamblen*'s analysis of the constitutionality of Section 922(o). *Id.*

      The Court's decision in *Greely* supports the government's argument that *Hamblen* and *Heller* are controlling on this issue, *see* Appellee Br., ECF No. 17, pp. 20-23; thus, directly foreclosing Bridges' argument—which is largely the same argument advanced by Greely: that *Bruen* requires this Court to reject its holding in *Hamblen*, arguing that *Bruen* requires a "different framework" of analysis. However, as affirmed by the *Greely* Court, nothing in *Bruen* casts doubt on the analysis in *Hamblen* or *Heller*; in fact, *Bruen* cited and reaffirmed *Heller* in stating that "dangerous and unusual weapons are excluded from Second Amendment protection." *Bruen*, 597

U.S. at 21. Under this Court's binding precedent in *Hamblen*, machine guns are just such dangerous and unusual weapons that are excluded from Second Amendment protection.

Accordingly, the Court should follow the persuasive holding in *Greely* and find that the prohibition of possession of machine guns under Section 922(o) is constitutional and that Bridges was properly convicted under that statute.

                                                Sincerely,

                                                _s/Eileen Kuo_
                          By:   Eileen Kuo
                                Assistant U.S. Attorney
                                167 N. Main, Room 800
                                Memphis, Tennessee 38103
                                (901) 544-4231

cc:    Mr. Gregory Gookin, Counsel for Appellant (via the Court's electronic filing system)